UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

NICHOLAS ASHLEY WILLIAMS,
on his behalf and on behalf of others
similarly situated,

    Plaintiff,
v.

MILKMAN TECHNOLOGIES, INC.,
ROBERT BEECHER, and RAFAEL KASSIN,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, NICHOLAS ASHLEY WILLIAMS, by and through undersigned counsel, and sues Defendants, MILKMAN TECHNOLOGIES, ROBERT BEECHER, an individual, and RAFAEL KASSIN, an individual, and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages to remedy violations of the rights of NICHOLAS ASHLEY WILLIAMS for retaliatory discharge in violation of the Workers' Compensation Law, F.S. 440.205 and the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. § 206 and 207 to redress injuries done to him by the Defendants, MILKMAN TECHNOLOGIES, INC., ROBERT BEECHER, and RAFAEL KASSIN

2. Jurisdiction is conferred on this Court by the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 206 and 207.

1

3.      The unlawful acts which gave rise to this Complaint occurred within Miami-Dade County, Florida during the Plaintiff's employment with Defendants, making venue proper in this District pursuant to 28 U.S.C. § 1391.

## PARTIES

4.      At all times material hereto, Plaintiff has been a citizen and resident of Miami-Dade County, Florida.

5.      Pursuant to the FLSA, the Plaintiff and proposed collective action members were subjected to similar violations of the FLSA. The potential collective action members sought to be certified under 29 U.S.C. §216(b) is defined as: All persons who were employed by Defendants during the three years preceding this lawsuit and who were misclassified as independent contractors in order to avoid payment of overtime and who were not exempt and who were not paid overtime for hours worked over 40 hours per week.

6.      At all times material hereto, MILKMAN TECHNOLOGIES, INC., was Plaintiff's employer as defined by law and a corporation conducting business in this judicial district.

7.      At all times material hereto, MILKMAN TECHNOLOGIES, INC., had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by a person. 29 U.S.C. §203.

8.      At all times material hereto, MILKMAN TECHNOLOGIES, INC., upon information and belief, had revenue in excess of $500,000.00 per annum.

9.      Defendant, ROBERT BEECHER, is an officer and/or owner of Defendant, MILKMAN TECHNOLOGIES, INC., and this individual Defendant commonly controlled the

day-to-day operations of the corporate Defendant and shared an interest in making profits through the operation of this corporate entity.

10. At all times material hereto, Defendant, ROBERT BEECHER, was Plaintiff's employer as defined by law.

11. Defendant, RAFAEL KASSIN, is an officer and/or owner of Defendant, MILKMAN TECHNOLOGIES, INC., and this individual Defendant commonly controlled the day-to-day operations of the corporate Defendant and shared an interest in making profits through the operation of this corporate entity.

12. At all times material hereto, Defendant, RAFAEL KASSIN, was Plaintiff's employer as defined by law.

13. At all times material hereto, Plaintiff was individually engaged in commerce while working for the Defendants.

14. At the relevant time, Plaintiff was injured while working for the Defendant, MILMAN TECHNOLOGIES, INC., and, as such, Plaintiff is a member of a protected class under Section 440.02, Florida Statutes.

15. At all times material hereto, Defendant, MILKMAN TECHNOLOGIES, INC. was Plaintiff's employer within the meaning of Section 440.02, Florida Statutes.

16. All conditions precedent have occurred or have been waived.

### GENERAL ALLEGATIONS COMMON TO ALL COUNTS

17. Defendants hired Plaintiff as a delivery driver on March 14, 2022. Plaintiff's final job title was Warehouse Manager.

18. As a delivery driver and eventually a Warehouse Manager, Plaintiff's primary duties and responsibilities ranged from charging/maintaining vehicles, packing and delivering orders, marketing and promotions, receiving shipments, inventory, and delegating responsibilities.

19. Plaintiff was qualified for his position based on his experience and training.

20. When the Defendants hired the Plaintiff, the Defendants provided him with uniforms and tools, required him to clock in and out, provided training, and issued discipline. Despite all of this, Mr. Robert Beecher, Human Resources, told the Plaintiff that the Defendants deemed him to be an independent contractor. When the Plaintiff asked Mr. Beecher why the Defendants considered him an independent contractor, Mr. Beecher told him that it was for "insurance purposes" and that it would be fixed "as soon as possible."

21. In mid-May 2022, Mr. Rafael Kassin, Supervisor, promoted the Plaintiff to Warehouse Manager. The Plaintiff was concerned about the Defendants continuing to misclassify him and other employees. The Plaintiff told Mr. Kassin that he was not comfortable with the Defendants' failure to properly classify employees. Mr. Kassin said that the Plaintiff would continue to be an independent contractor.

22. A few days later, the Plaintiff again objected to the misclassification of employees. The Plaintiff explained the difference between employees and independent contractors and that the Defendants' misclassification of employees was illegal. Mr. Kassin dismissed the Plaintiff's objection and said, "I have a business to run."

23. On June 1, 2022, the Plaintiff slipped and fell while moving one of the Defendants' delivery vehicles, injuring his back. The Plaintiff immediately notified Mr. Kassin. Over the next few days, the Plaintiff and Mr. Kassin kept in touch and the Plaintiff updated Mr. Kassin on his

back injury. The Plaintiff wanted to see a doctor but didn't have insurance and Mr. Kassin did not offer or provide any workers' compensation information.

24. On June 21, 2022, Mr. Kassin and the Plaintiff spoke on the phone and Mr. Kassin said that the Defendants were switching all independent contractors to employee status. Mr. Kassin told the Plaintiff that once he returned to work, he would need to sign paperwork saying that he would not sue the Defendants.

25. The next day, the Plaintiff told Mr. Kassin that he wanted to "get hired on" as an employee but requested back pay due to his injuries because he was behind on his bills. Mr. Kassin denied the Plaintiff's request.

26. On June 27, 2022, Mr. Kassin texted the Plaintiff and said that the Plaintiff never signed the paperwork, and the offer was expiring that same day. The Plaintiff did not respond because he had not been given the appropriate workers' compensation information.

27. To add insult to injury, the Defendants owe the Plaintiff unpaid overtime wages for five pay periods- from April 2, 2022 through May 27, 2022. The Defendants incorrectly compensated the Plaintiff for his overtime hours at his straight time rate.

28. Plaintiff has engaged the undersigned attorney and is entitled to recover his attorneys' fees from the Defendants.

### COUNT I: VIOLATION OF SECTION 440.205, FLORIDA STATUTES
### (Against Milkman Technologies, Inc.)

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8 and 13 through 28 above as if fully set forth herein.

30. Florida Statute 440.205 states: No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law.

31. After Plaintiff was injured on the job, he had a right to seek medical treatment through the workers' compensation carrier and/or servicing agent of the Defendant or via a private medical facility.

32. Plaintiff's injuries were of such a severity that he required evaluation and treatment.

33. Defendant was aware the Plaintiff was an employee who Defendant was misclassifying as an independent contractor and that Plaintiff had been hurt on the job and was eligible for workers' compensation benefits. However, the Defendant never provided the Plaintiff with information regarding workers' compensation benefits that the Plaintiff was rightfully entitled to.

34. Upon information and belief, the Defendant refused to provide the Plaintiff with information regarding its workers' compensation benefits and Defendant terminated Plaintiff's employment because Plaintiff had been injured at work and had applied/was eligible for worker's compensation benefits and Defendant refused to allow Plaintiff to return to work unless Plaintiff signed a release of all claims.

35. Defendant's decision to terminate the Plaintiff was causally related to the Plaintiff's injury and eligibility for workers' compensation benefits because of the temporal proximity between the Plaintiff's right to benefits pursuant to the workers' compensation laws and Defendant's termination of Plaintiff. The Defendant knew or should have known of Plaintiff's entitlement to workers' compensation benefits.

36. The termination only occurred because the Plaintiff was entitled to engage in, or did engage in, the statutorily protected activity of seeking medical treatment after getting hurt while working for the Defendant.

37. The Defendant is liable to the Plaintiff for emotional distress because of Defendants' intentional acts. Due to the Defendant's actions, Plaintiff has suffered emotionally.

38. As a direct and proximate result of the Defendant's unlawful and willful actions, as set forth above, the Plaintiff has suffered damages and will continue to suffer damages in the future, including, but not limited to: loss of past and future income; loss of other fringe benefits; stress, mental anguish, anxiety, and emotional distress; loss of capacity for the enjoyment of life; medical care and treatment; and other financial losses.

WHEREFORE, Plaintiff demands judgment against the Defendant as follows: (a) awarding the Plaintiff actual damages; (b) awarding Plaintiff compensatory damages for pain, suffering, and humiliation; (c) awarding the Plaintiff back pay and front pay and damages for all employment and retirement benefits he would have received but for the Defendant's actions and/or omission; (d) awarding prejudgment and post-judgment interest, and (e) any and other further relief as this Court deems just and appropriate.

### COUNT II: FLSA RECOVERY OF UNPAID OVERTIME WAGES
### (Against All Defendants)

39. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 above as if fully set forth herein.

40. Plaintiff worked for Defendants from approximately March 14, 2022 to June 2022 initially as a delivery driver and then as a Warehouse Manager.

41. Plaintiff's primary duties and responsibilities ranged from charging/maintaining vehicles, packing and delivering orders, marketing and promotions, receiving shipments, inventory, and delegating responsibilities.

42.     The Defendants initially agreed to pay the Plaintiff $20.00 per hour and to pay earned wages on a weekly basis. After the Defendants promoted the Plaintiff in mid-May 2022, the Defendant agreed to pay the Plaintiff $22.00 per hour.

43.     Plaintiff worked more than 40 hours per week.

44.     During one or more workweeks, Defendants did not pay Plaintiff the statutory overtime wage for all hours worked by Plaintiff, in violation of the FLSA, 29 U.S.C. § 206 and 207.

45.     Plaintiff was unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

46.     By reason of the intentional, willful, and unlawful acts of the Defendants, Plaintiff has suffered damages.

47.     Plaintiff is owed an additional amount equal to the amount of unpaid overtime wages as liquidated damages.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT III: BREACH OF CONTRACT
### (Against Milkman Technologies, Inc.)

23.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 above as if fully set forth herein.

24.     Plaintiff and Defendant, entered into a verbal contract, pursuant to which Plaintiff agreed to provide services to Defendant in exchange for compensation in the amount of $20.00 per hour. After the Defendant promoted the Plaintiff in mid-May 2022, the Defendant agreed to pay the Plaintiff $22.00 per hour.

25. Defendant breached the contract by, *inter alia*, failing to pay Plaintiff the correct amount for overtime hours worked.

26. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including, but not limited to, the loss of money not paid to Plaintiff in exchange for his services.

27. Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, the Plaintiff, demands judgment against Defendant for damages, together with prejudgment and post judgment interest thereon, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT IV: UNJUST ENRICHMENT
### (Against Milkman Technologies, Inc.)

28. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 above as if fully set forth herein.

29. Plaintiff provided services to Defendant by serving as delivery driver initially and then a Warehouse Manager.

30. By serving as delivery driver and then a Warehouse Manager to Defendant, Plaintiff conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

31. Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiff.

32. The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays to Plaintiff the value of the benefit.

33. Defendant has been unjustly enriched at the expense of the Plaintiff.

34. Plaintiff is entitled to damages as a result of Defendant's unjust enrichment.

35. Plaintiff has engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiff hereby demands judgment against Defendant for all damages, together with prejudgment and post judgment interest, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT V: FLSA VIOLATION RETALIATION
### (Against all Defendants)

53. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 above as if fully set forth herein.

54. During the course of Plaintiff's employment, Defendants willfully violated the provisions of the FLSA [29 U.S.C. § 206-7] by misclassifying the Plaintiff as an independent contractor.

55. Plaintiff requested that the Defendants correctly classify him and others as employees, but the Defendants refused. Finally, on June 21, 2022, the Defendants told the Plaintiff that they were switching all independent contractors to employee status and demanded that the Plaintiff sign paperwork saying that he would not sue the Defendants.

56. Defendants terminated Plaintiff's employment by requiring Plaintiff to release his rights in order to remain employed, in violation of the FLSA.

57. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages.

58. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action from Defendants.

WHEREFORE, Plaintiff hereby demands judgment against Defendants for lost wages, benefits, and other remuneration, together with prejudgment and post judgment interest, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## Jury Trial Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 21st day of July, 2023

By: *s/Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiff